UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD BLAKE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 14-cv-11845-IT |
| | * |
| SEAN MEDEIROS, | * |
| | * |
| Respondent. | * |

ORDER

October 28, 2014

TALWANI, D.J.

This court treats Petitioner's October 14, 2014 letter [#25] as a motion for reconsideration of his motion to appoint counsel. As set forth in this court's July 25, 2014 Order [#18], a party to a civil proceeding generally lacks a constitutional right to free counsel.[1] A court may, however, request the appointment of counsel to represent an indigent party in exceptional circumstances.[2] In determining whether exceptional circumstances exist, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[3] Petitioner requests counsel on the ground that he lacks legal training. Lack of legal training, however, is insufficient to justify the appointment of counsel.[4] At this stage, the court is unable to determine whether the merits of the case, the

---

[1] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).

[2] See DesRosiers, 949 F.2d at 23; Cookish, 787 F.2d at 2.

[3] See DesRosiers, 949 F.2d at 24; Cookish, 787 F.2d at 3.

[4] Lucien v. Spencer, 534 F. Supp. 2d 207, 209–10 (D. Mass. 2008) (citing DesRosiers, 949 F.2d at 23–24; Cookish, 787 F.2d at 2–3).

complexity of the legal issues, and Petitioner's ability to represent himself give rise to exceptional circumstances warranting the appointment of counsel. Accordingly, Petitioner's Motion for Reconsideration [#25] is DENIED WITHOUT PREJUDICE to Petitioner raising his request after Petitioner files a memorandum in support of his petition and the Respondent files an opposition. After this briefing, the court will be better situated to determine whether appointment of counsel and supplemental briefing are warranted.

In light of the foregoing, this court hereby ORDERS that Petitioner shall file a memorandum in support of his petition by November 26, 2014. The court has granted Petitioner two extensions of time to file a memorandum in support of his petition. The court will not be inclined to grant any further extensions absent a showing of good cause. Additionally, the court reminds Petitioner that failure to comply with court orders may result in default or dismissal. The court further ORDERS that Respondent shall file any memorandum in opposition to the petition by December 18, 2014.

IT IS SO ORDERED.

Date: October 28, 2014

/s/ Indira Talwani
United States District Judge