# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD BLAKE, | Civil Action No. 14-cv-11845-IT |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SEAN MEDEIROS, | |
| Defendant. | |

**CABELL, Magistrate Judge**:

Petitioner Ronald Blake ("Petitioner" or "Blake"), previously convicted in the state court on charges of armed robbery, assault and battery, assault and battery with a dangerous weapon, and kidnapping, filed a *pro se* Petition for Writ of Habeas Corpus with this Court on April 28, 2014. Petitioner subsequently moved on three separate occasions to have counsel appointed to represent him. [dkt #2, 17, and 25]. The Court denied all three motions without prejudice and indicated it would be in a better position to assess Petitioner's request after he submitted his memorandum in support of his habeas petition. Petitioner did so on November 28, 2014. [dkt #28]. As briefed therein, Petitioner argues that the trial court erred when it refused to suppress evidence of an allegedly impermissibly suggestive photo identification procedure. Petitioner also contends that his trial counsel provided ineffective assistance by failing to investigate the reasonableness of the Commonwealth's suggested timeline for the crime. Now before the Court is Petitioner's fourth motion for the appointment of counsel. [dkt #29].

## I. Legal Standard

There is no constitutional or statutory right to appointment of counsel in a habeas case. *Ellis v. United States*, 313 F.3d 636, 652 (1st Cir. 2002); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.

1986). However, 18 U.S.C. § 3006A(a)(2)(B) permits the Court to appoint counsel for a financially eligible petitioner in a habeas case whenever the Court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the Court's discretion, *Cookish*, 787 F.2d at 2, and while the statute does not set forth specific criteria, the First Circuit has held that courts may consider "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case." *Id*. at 3. In deciding whether justice requires the appointment of counsel, the First Circuit has also considered the likelihood of success on the merits of a petitioner's claims. *See United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). Generally, an indigent litigant must demonstrate "exceptional circumstances" to justify the appointment of counsel. *Cookish*, 787 F.2d at 2.

**II. Analysis**

The Court has reviewed both Blake's motion to appoint counsel as well as his memorandum of law in support of his habeas petition. Blake advances three grounds in support of the instant motion. First, he asserts that he is indigent, second that neither he nor fellow volunteer prisoners are "adequately trained to litigate a case with this level of complexity" and third, that "[t]he extraordinary circumstances of this case and the interest of justice justify the appointment of counsel."

As a threshold matter, there does not appear to be any dispute that the Petitioner is "financially eligible." Blake is currently incarcerated, and he has submitted an affidavit establishing his lack of assets or income. [dkt #2]. However, the mere fact that Blake may be financially eligible for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) does not establish any exceptional circumstances warranting appointment. *See Cookish*, 787 F.2d at 2 (holding that an indigent

litigant must demonstrate exceptional circumstances to warrant the appointment of counsel).

Moreover, the fact that Blake is not "adequately trained to litigate a case with this level of complexity" does not establish exceptional circumstances warranting appointment. Rather, lack of legal training is insufficient to justify the appointment of counsel. *Lucien v. Spencer*, 534 F. Supp. 2d 207, 209-10 (D. Mass. 2008) (citing *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Cookish*, 787 F.2d at 2-3)). As noted above, the primary ground for relief in Blake's petition is that he was denied due process due to a suggestive photo lineup. Blake will be required to undertake little factual investigation to develop this claim. Similarly, the factual and legal issues are not complex and Blake appears adequately equipped to present the case. His filings with this Court are coherent and inform the Court of the relief Blake seeks.

Finally, Blake's assertion that the "extraordinary circumstances of this case and the interest of justice justify the appointment of counsel" is nothing more than a conclusory statement, and after reviewing Blake's petition for writ of habeas corpus and the Respondent's memorandum of law, it appears that Blake is unlikely to succeed on the merits of his petition in its current form.

Accordingly, for the reasons set forth above, the interests of justice do not weigh in favor of appointing counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B). As such, Blake's motion to appoint counsel is denied, without prejudice.

### III. Order

It is hereby ORDERED that Petitioner's motion to appoint counsel [dkt #29] is DENIED, without prejudice.

**SO ORDERED.**

/s/ Donald L. Cabell
DONALD L. CABELL
United States Magistrate Judge

DATED: May 19, 2015